Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Lisa Cintron (SBN 356009)
lcintron@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone:  310-474-9111
Facsimile:  310-474-8585

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA TREVINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Barbara Trevino ("Plaintiff"), individually and on behalf of all others similarly situated ("Class Members"), by and through her undersigned counsel, brings this class action complaint against Defendant Google LLC ("Google" or "Defendant").

## I.  INTRODUCTION

1. Google develops and sells Google Nest devices, including smart doorbells and cameras, that are located on millions of doorsteps across the country. These cameras collectively capture hundreds of millions of individuals, of all ages and relations, walking along sidewalks, down apartment complex hallways, and through neighborhoods in every state.

2. Google harnesses the power of this vast network of cameras to feed its data collection scheme. Google developed and deployed artificial intelligence-powered facial recognition and biometric data assessment in its Google Nest devices.

3. Google created the "Familiar Faces" feature, which uses advanced computer vision and machine learning to identify individuals passing within a device's purview. Google markets the feature as helping to identify which passersby are familiar to the device owner. However, the devices capture the biometric and facial data of every person that passes within the device's field of view, regardless of their age, inability to consent, or familiarity to the user.

4. The devices capture facial details, biometric data, and non-biometric details (e.g., clothing style and body size) from every passerby and compile this information into a vast library of data, the "Familiar Faces Library." The devices continuously update this library with the most recent biometric and facial mapping data. Google Nest users can then scroll through the library to view and identify photographs of every passerby. The library also compiles non-biometric data alongside biometric data so that passersby can be identified even when their face is obscured.

5. Google does not attempt to inform passersby of its facial imaging and biometric data collection, thereby robbing individuals of their right to choose whether to pass such cameras, decline the conduct, or select another route. Google's deceptive and outrageous conduct violates reasonable expectations of privacy. Indeed, many individuals opt not to use services such as mobile face identification or airport facial scans to avoid this precise data collection. Here, Google provides no such choice.

6.      Despite passersby never learning of or consenting to Google's hidden tracking and storing of their biometric data, likeness and photographs, Google does just that. Google deceptively uses the Familiar Faces feature to access and exploit the vast biometric data available within the field of view of Google's devices without seeking consent from the people whose privacy is being trampled upon.

7.      Google deceptively and unconscionably deprived and continues to deprive Plaintiff and Class members of their right to protect their biometric data and likeness.

8.      Google's conduct violates California's Constitutional Right to Privacy, constitutes an unlawful intrusion upon seclusion, and violates California Civil Code § 3344.

## II.    THE PARTIES

9.      Plaintiff Barbara Trevino resides in Glendale, California. Plaintiff Trevino regularly walks through her neighborhood for exercise. During her walks, Plaintiff Trevino passes numerous residences with Google Nest doorbells and cameras directed at her location on the sidewalk. Plaintiff Trevino values her privacy and reasonably expected that devices were not collecting her biometric data and likeness and incorporating them into a database of familiar and unfamiliar faces. Despite this reasonable expectation, Google did just that. Throughout the relevant time period, Plaintiff Trevino regularly walked through her neighborhood, unaware that each time she passed within the field of view of one of the devices, Google collected her biometric data, crafted a facial recognition map, and stored her photograph. Plaintiff Trevino did not consent to Google's collection or use of her biometric data and was not provided an opportunity to opt-out of Google's conduct.

10.     Defendant Google LLC is a limited liability company headquartered in Mountain View, California, and formed under the laws of Delaware. Google is a sophisticated mobile operating system, email, and applications developer in the business of commercializing personal data extracted from the use of tools and services connected to the internet. As such, Google is aware of and benefits from the conduct described herein. Indeed, this forms a core component, among others, of Google's business model.

## III.   JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which the matter or controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which some Members of the proposed Class are citizens of a state different from Defendant.

12.    This Court has personal jurisdiction over Defendant because Defendant owns and operates a business that is headquartered in this District and conducts substantial business throughout California. Defendant expressly consents to the jurisdiction of the federal or state courts of Santa Clara County, California through its terms of service.[1]

13.    Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(1), as Defendant is headquartered in this District.

## IV.   CHOICE OF LAW

14.    California law governs the substantive legal issues in this case. Google's Terms of Service provide in pertinent part that California law will apply to any disputes arising out of or relating to Google's terms of service.[2]

## V.   STATEMENT OF FACTS

15.    According to recent reporting, an estimated 33 million American households use smart cameras.[3] As of 2020, it was estimated that Google Nest doorbells accounted for approximately 24% of the doorbell camera market.[4] Through this vast network of cameras, Google has access to the biometric information of nearly every person in the country.

16.    Google is aware of this potential gold mine and the very real privacy concerns its Familiar Faces feature creates. Indeed, Google disables the feature in Illinois devices so as not to

[1] Google Terms of Service (last modified May 22, 2024), *available at* https://policies.google.com/terms?hl=en.

[2] *Id.*

[3] Kevin Collier, *One nation, on camera: Internet-connected doorbells promise security but raise privacy alarms*, NBC NEWS, Feb. 12, 2026, *available at* https://www.nbcnews.com/tech/tech-news/google-nest-amazon-ring-doorbell-cameras-super-bowl-ad-rcna258591.

[4] David Watkins, *Amazon's Ring Leads Google's Nest As 16% Of US Homes Adopt Video Doorbells: Strategy Analytics*, BUSINESS WIRE, Feb. 13, 2020, *available at* https://www.businesswire.com/news/home/20200213005824/en/Amazons-Ring-Leads-Googles-Nest-As-16-Of-US-Homes-Adopt-Video-Doorbells-Strategy-Analytics.

violate the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. Ann. 14/15. Further, Google's Home and Nest Help page warns device owners to "Use familiar face detection in compliance with the law. Depending on where you live, you might need to get consent to have your camera help you identify people who visit your home."[5] However, Google's devices provide no mechanism for seeking such consent. Nor does Google follow its own advice.

17.     The Familiar Faces feature is available to users paying for the Google Home Premium subscription. The feature is targeted to Google Nest device owners as a means "to teach your Google Nest camera to recognize faces of people that you know."[6] However, in order to categorize passersby as "familiar," the device necessarily collects photographs and biometric data for every person that passes within the device's field of view. For each person that passes within a device's purview, the device captures an image, and the facial recognition program creates a mathematical template that maps the positions and proportions of the face's features. Thereafter, the photograph and biometric data, including the facial features map, are stored in the Familiar Faces library for comparison against other data entries for purposes of categorizing and updating individuals stored therein. A Google Nest user can then scroll through the library to view, identify, and categorize photographs of every passerby.

18.     The location of a user's Familiar Faces library may vary across devices. However, upon information and belief, Google has access to the libraries or the information collected therein at a minimum while it is stored on Google's cloud services or transmitted across Google's servers.

19.     Google knowingly and intentionally collects biometric data without that individual's consent. Google is aware that the collection of biometric data without consent violates individuals' privacy rights, as evidenced by Google's removal of the feature from devices in Illinois and its warning to users that consent may be required in their state. Nevertheless, Google continues to collect and use the biometric data of millions of Americans across every state outside of Illinois without consent and in blatant disregard for their privacy rights.

---

[5] Google Home and Nest Help, *Learn about familiar face detection* (last visited June 30, 2026), *available at* https://support.google.com/googlehome/answer/9268625?hl=en.
[6] *Id.*

20.     The collection and use of biometric data without consent violates reasonable expectations of privacy, and also puts individuals at increased risk for further privacy violations. Data breaches and other security vulnerabilities are increasingly common among companies that store personal data. As a major aggregator of valuable personally identifying and other information, Google is an obvious target for hackers. Any information that Google stores from the Familiar Faces feature may eventually be stolen, if it has not already been. Unlike a password, if a facial map template is stolen in a data breach, "the 'locks' that a template opens – accessing a bank app, getting through security at an airport, entering an office building – can't be reset. A person's face is permanent, and so is the threat."[7]

21.     In the face of this real and permanent threat, many individuals choose not to use facial recognition technology in their daily lives despite any additional inconveniences. Here, Google's secretive and deceptive practices robbed Plaintiff and Class members of that choice.

22.     Google derives commercial benefits from the use of Plaintiff and Class members' biometric data, including targeting the Familiar faces to prospective Google Nest purchasers, collecting related subscription fees, the added value of training its AI on millions' of unsuspecting individuals, and amassing vast amounts of biometric data. Google prioritized profits over individuals' autonomy over their private biometric data.

23.     Plaintiff and Class members have suffered concrete invasions of their privacy interests through the secretive collection of their biometric data, photographs, and likeness. Additionally, Plaintiff and Class members have been harmed by the emotional distress from the substantial ongoing risk posed by Google's retention and use of their data without their consent and from the loss of control over their biometric data.

## VI.     **CLASS ALLEGATIONS**

24.     Plaintiff brings this class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of a Nationwide Class initially defined as:

---

[7] Jonathan S. Weissman, *Facial recognition data is a key to your identity – if stolen, you can't just change the locks*, THE CONVERSATION, Apr. 28, 2026, *available at* https://theconversation.com/facial-recognition-data-is-a-key-to-your-identity-if-stolen-you-cant-just-change-the-locks-278289.

**All persons in the United States whose facial and biometric data has been collected by a Google Nest device without their consent.**

25. In addition, or in the alternative, Plaintiff seeks certification of a California Class initially defined as:

**All persons in the State of California whose facial and biometric data has been collected by a Google Nest device without their consent.**

26. The above classes are referred to collectively as the Class. Excluded from the Class are the following individuals: officers and directors of Google and its parents, subsidiaries, affiliates, any entity in which Google has a controlling interest, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

27. Plaintiff reserves the right to modify or amend the Class definitions with greater specificity or division into other subclasses after conducting discovery.

28. **Numerosity**. Fed. R. Civ. P. 23(a)(1). The Class is so numerous that joinder of all members is unfeasible and not practicable. While the precise number of Class members has not been determined at this time, upon information and belief, Class members number in the millions.

29. **Commonality**. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

a. Whether Google's acts and practices complained of herein amount to egregious breaches of social norms;

b. Whether Google acted intentionally in violating Plaintiff's and Class members' privacy rights;

c. Whether Plaintiff and Class members consented to Google's conduct;

d. Whether Google's acts and practices alleged herein violate California Civil Code § 3344;

e. Whether Google's acts and practices complained of herein harmed Plaintiff and Class members;

6
CLASS ACTION COMPLAINT

f.    Whether an injunction should issue; and

g.    Whether declaratory relief should be granted.

30.    **Typicality**. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class. Plaintiff and all Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendant's unlawful conduct.

31.    **Adequacy of Representation**. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class members. Plaintiff has retained competent counsel experienced in class action and privacy litigation. Plaintiff's counsel will fairly and adequately protect and represent the interests of the Class.

32.    **Superiority of Class Action**. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

33.    **Injunctive and Declaratory Relief**. Fed. R. Civ. P. 23(b)(2). Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and corresponding declaratory relief each appropriate with respect to the Class as a whole. Injunctive relief is necessary to prevent further unlawful and unfair conduct by Google. Money damages, alone, could not afford adequate and complete relief, and injunctive relief is necessary to restrain Google from continuing to commit its illegal and unfair violations of privacy.

## VII.    CAUSES OF ACTION

### Count One
### (Intrusion Upon Seclusion)

34.    Plaintiff incorporates by reference and realleges the preceding paragraphs.

35.    Plaintiff and Class members have reasonable expectations of privacy in their image, likeness, and biometric data.

36.    Defendant intentionally intruded on and into Plaintiff's and Class member's solitude, seclusion, or private affairs by intentionally using smart doorbells and cameras with AI-powered programs to accumulate their facial and biometric data and funnel it into vast libraries of data without their knowledge or consent.

37.    Plaintiff and Class members did not and could not have consented to Google's conduct.

38.    These intrusions are highly offensive to a reasonable person. A person's facial and biometric data is reasonably considered private information. Loss of such information can cause irreparable harm. Indeed, Google disables the intrusive feature for devices in Illinois so as not to violate local biometric data laws. Additionally, Google's data collection was deceptive. Google engaged in AI tracking of facial, biometric, and non-biometric data without the informed consent of Plaintiff and Class members.

39.    Plaintiff and Class members were harmed by the intrusion into their private facial and biometric data as detailed throughout this Complaint.

40.    Google's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class members.

41.    As a result of Google's actions, Plaintiff and Class members seek actual damages and punitive damages in an amount to be determined at trial. Plaintiff and Class members seek punitive damages because Google's actions—which were malicious, oppressive, and willful— were calculated to injure Plaintiff and Class members and made in conscious disregard of Plaintiff's and Class members' privacy rights. Punitive damages are warranted to deter Google from engaging in future misconduct.

## Count Two
### (California Constitutional Right to Privacy, Cal. Const. Art. I, § 1)

42.    Plaintiff incorporates by reference and realleges the preceding paragraphs.

43.    Plaintiff and Class members have reasonable expectations of privacy in their image, likeness, and biometric data.

8
CLASS ACTION COMPLAINT

44. Google intentionally intruded on and into Plaintiff's and Class Members' solitude, seclusion, right of privacy, or private affairs by intentionally capturing, collecting, and using Plaintiff's and Class members' image, likeness, and biometric data.

45. Plaintiff and Class members did not and could not have consented to Google's conduct.

46. These intrusions are highly offensive to a reasonable person. A person's facial and biometric data is reasonably considered private information, and loss of such information can cause irreparable harm. Indeed, Google disables the intrusive feature for devices in Illinois so as not to violate local biometric data laws. Additionally, Google's data collection was deceptive. Google engaged in AI tracking of facial, biometric, and non-biometric data without the informed consent of Plaintiff and Class members.

47. Plaintiffs and Class members were harmed by the intrusion into their private affairs as detailed throughout this Complaint.

48. Google's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class members.

49. As a result of Google's actions, Plaintiff and Class members seek damages and punitive damages in an amount to be determined at trial. Plaintiff and Class members seek punitive damages because Google's actions—which were malicious, oppressive, and willful—were calculated to injure Plaintiff and Class Members and made in conscious disregard of Plaintiff's and Class members' privacy rights. Punitive damages are warranted to deter Google from engaging in future misconduct.

## Count Three
### (Violations of California Civil Code § 3344)

50. Plaintiff incorporates by reference and realleges the preceding paragraphs.

51. California Civil Code § 3344 ("Section 3344") prohibits "knowingly us[ing] another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without that person's prior consent."

52.     Google collects Plaintiff's and Class members' "photographs" within the meaning of Section 3344 in the still pictures it creates when an individual passes through a device's field of view. Google also collects Plaintiff's "likeness" through the facial, biometric and non-biometric data Google collects from individuals passing through a device's field of view.

53.     Google uses Plaintiff's and Class members' photographs and likeness for Google's own monetary advantage and commercial use. Google outwardly advertises this data collection as a useful tool for prospective Google Nest purchasers, while quietly amassing vast libraries of millions of private individuals' photographs and likeness.

54.     Plaintiff and Class members did not and could not have consented to Google's use of their photographs and likeness.

55.     Plaintiff and Class members were harmed by Google's knowing use of their photographs and likeness as detailed throughout this Complaint, including mental and emotional distress related to the highly offensive nature of Google's conduct.

56.     Google's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class members.

57.     As a result of Google's actions, Plaintiff and Class members seek all remedies available under Section 3344, including, but not limited to, actual or statutory damages, punitive damages, and injunctive relief. Plaintiff and Class members seek punitive damages because Google's invasive conduct caused mental and emotional distress.

## VIII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against Google and that the Court grant the following:

A.      An order determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiffs are proper class representatives, that Plaintiffs' attorneys shall be appointed as Class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and that Class notice be promptly issued;

B.      Judgment against Google for Plaintiff's and Class members' asserted causes of action;

C.    Appropriate declaratory relief against Google;

D.    Injunctive relief in the form of, *inter alia*, an order enjoining Google from continuing its practice of collecting, using, and/or storing Plaintiff's and Class members' facial and biometric data, photographs, and likeness without their knowledge or consent in violation of California Civil Code § 3344;

E.    Injunctive relief in the form of, *inter alia*, an order enjoining Google from continuing its practice of tracking, recording, and using Plaintiff's and Class members' facial and biometric data, likeness, and photographs;

F.    An order awarding Plaintiff and the Class members damages, statutory damages, special damages, general damages, and restitution;

G.    An order requiring Google to pay punitive damages and exemplary damages;

H.    An order requiring Google to pay pre-judgment and post-judgment interest;

I.    Reasonable attorney's fees and costs reasonably incurred; and

J.    Any and all other and further relief to which Plaintiffs and the Class may be entitled.

## IX.    DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: July 1, 2026                    Respectfully Submitted,

/s/ Tina Wolfson
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Lisa Cintron (SBN 356009)
lcintron@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone:  310.474.9111
Facsimile:  310.474.8585

*Counsel for Plaintiff and the Proposed Class*